# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**INSTITUTO MEDICO DEL NORTE, INC.,**

    **Appellant,**

    v.

**GREENGIFT CAPITAL, LLC,**

    **Appellee.**

**Civil No. 23-1354 (ADC)**

## OPINION AND ORDER

Pending before the Court is appellant Instituto Médico del Norte, Inc.'s ("appellant" or "IMN") appeal from the United States Bankruptcy Court's ("Bankruptcy Court") Opinion and Order entered on June 27, 2023, whereby the Bankruptcy Court dismissed appellant's declaratory action complaint in Adversary Proceedings No. 22-00046. **ECF Nos. 1, 4.** For the following reasons, the appeal is **DENIED**.

**I.    Procedural background**

Although the roots of this case have grown deep during three decades of on-and-off litigation, the Court will only recount events relevant to the issues before it.

On October 30, 2013, appellant filed a voluntary petition for bankruptcy relief pursuant to Chapter 11 of U.S. Code Title 11. *In re: Instituto Médico del Norte, Inc.*, Lead Bankruptcy Case

No. 13-08961. **ECF No. 3-1** at 4, **4** at 4. On May 1, 2014, then creditor Oriental Bank filed its amended Proof of Claim number 50-3 in the amount of $8,951,814.92 (the "claim"). **ECF No. 3-1** at 4. On August 31, 2015, appellant and Oriental Bank filed a stipulation regarding the claim. **ECF No. 4** at 4. The Bankruptcy Court approved the stipulation on September 28, 2015. On July 1, 2016, appellant filed a second amended Chapter 11 plan of reorganization, which included the stipulation covering the claim. *Id*. The Bankruptcy Court confirmed the second amended plan several weeks later, and, on December 13, 2016, it entered the final decree in appellant's Chapter 11 case. *Id.*; **ECF No. 5** at 6; *see In re: Instituto Médico del Norte, Inc.*, Lead Bankruptcy Case No. 13-0896, ECF No. 662.

Appellant successfully moved the Bankruptcy Court to reopen the Chapter 11 case in April 2021. **ECF No. 5** at 7, **4** at 5. Appellant alleged that Oriental Bank had assigned its interests (including the credit that "gave rise to" the Proof of Claim number 50-3) under the confirmed Chapter 11 plan to Condado 7, LLC and that both creditors were not complying with the plan because, according to appellant, the "debt was higher than the one established in the plan." **ECF No. 4** at 5.

Appellant also logged Adversary Proceeding No. 21-00033[1] whereby it "question[ed] the $4,544,070.39 [debt] claimed by Condado [7, LLC], since the correct amount… was

---

[1] Relatedly, in Adversary Proceeding No. 21-00046, appellee removed a state court action filed by appellant captioned *Instituto Medico del Norte Inc., d/b/a Hospital Wilma N. Vazquez v. Condado 7, LLC, et al.*, Case No. BY2021CV01325 (502). In that case, appellant sought rebus sic stantibus relief (*i.e.* seeking modification of the agreements between the parties) and appellee counterclaimed. On August 12, 2022, the Bankruptcy Court dismissed appellant's rebus sic stantibus claims. The District Court determined it lacked jurisdiction to entertain an appeal

$3,854,589.00." **ECF No. 4** at 5. By doing so, appellant claims, it was "affirmatively putting in question [the debtor's] credit." *Id*.

In December 2021, while Adversary Proceeding No. 21-00033 was still pending before the Bankruptcy Court, Condado 7, LLC assigned the "litigious credit" to appellee Greengift Capital, LLC. **ECF No. 4** at 5. Appellant claims that, on December 21, 2021 after receiving notice of the assignment it "notified [appellee] that it was exercising its rights… to extinguish [appellee]'s acquired credit" through the 2020 Puerto Rico Civil Code's Article 1220 litigious credit redemption mechanism. P.R. Laws Ann. tit. 31, § 9581.[2] **ECF No. 3-1** at 280.

However, according to the Bankruptcy Court, appellant technically only informed its "intent" to redeem such credit. **ECF No. 3-1** at 280; *see* Adversary Case No. 21-00033, ECF No. 98. Accordingly, the Bankruptcy Court addressed the credit redemption "matter… at the status conference held on January 21, 2022." *Id*. The Minute of the status conference reflect that:

> The court stated that the Debtor has not filed an actual request as to this legal issue, just an intent, and acknowledged that Greengift has already addressed that there are decisions by the Supreme Court of Puerto Rico that have been cited by Judge Cabán and also by the district court in Xynergy Healthcare Capital II LLC v. Municipality of San Juan, 516 F. Supp. 3d 137 (D.P.R. 2021).

*Id*. In a separate Order, the Bankruptcy Court further stated:

> The motion to inform filed by Plaintiff/Instituto is granted. The information of intent to move the court re litigious credit redemption pursuant to Article

---

thereof because no judgment had ensued (the decision was not final) and, ultimately, appellant was denied leave to certify the ruling to the First Circuit. **ECF No. 3-1** at 282; Adversary Proceeding No. 21-00046, ECF Nos. 39, 40.
[2] No official translation is readily available.

> 1220 of the Puerto Rico Civil Code is noted. The court further notes the position of Greengift and the decisions by the Supreme Court of Puerto Rico in DLJ Mortgage Capital, Inc. v. Santiago Martinez, 202 D.P.R. 950 (2019); the U. S. Bankruptcy Court for the District of Puerto Rico in In re Allied Fin., Inc., 616 B.R. 1 (Bankr. P.R. 2020) (Cabán, BJ); and the U. S. District Court for the District of Puerto Rico in Xynergy Healthcare Capital II v. Municipio of San Juan, 516 F. Supp. 3d 137 (D. Puerto Rico 2021) … Instituto bears the burden of establishing that the facts applicable to this case differ from the ones leading to the above decision, with which this court agrees.

**ECF No. 3-1** at 280-81. On March 1, 2022, the Bankruptcy Court dismissed appellant's complaint in Adversary proceeding No. 21-00033. *Id.*, at 279. It determined that:

> Instituto failed to present to the court evidence or reasonable support for its allegation that the stipulation between the debtor (Instituto) and Oriental Bank ("Oriental"), as well as the confirmed plan, provide that the portion of the credit in the amount of $3,585,388.53 does not generate interest. Moreover, even if the $3,585,388.53 did not generate interest at some point in time, Instituto has failed to provide evidence that it has complied with the payments as provided for in the confirmed plan and the stipulation. Conclusory allegations do not suffice. On the other hand, assuming the truth of all well-plead facts in the amended complaint and giving the benefit of all reasonable inferences therefrom, the court concludes that the complaint does not plead a plausible claim as it is based on conclusions not supported by the facts. Plaintiff Instituto has had a reasonable opportunity to fill the factual gap and has been unable to do so.

**ECF No. 3-1** at 279; Adversary Case No. 21-00033, ECF No. 148. Appellant appealed from that order and judgment to the District Court. *See Instituto Medico del Norte, Inc. v. Greengift Cap., LLC*, Civil No. 22-1122 (PAD). The District Court affirmed. *See Instituto Medico del Norte, Inc. v. Greengift Cap., LLC*, 2023 WL 2732420, at *3 (D.P.R. Feb. 24, 2023). Appellant filed a notice of appeal in the US Court of Appeals for the First Circuit, docketed as Ap. Case No. 23-1314. That appeal is still pending.

"Due to the dismissal of Adversary Case No. 21-00033… appellant was precluded from concluding litigating" his purported rights to redeem the credit. **ECF No. 4** at 6. Under that notion, on July 1, 2022, appellant filed Adversary Case No. 22-00046 for declaratory judgment. **ECF No. 3-1** at 7 *et seq*. Specifically, appellant sought judgment declaring that it has the right to redeem the credit assigned to appellee under Article 1220 of the 2020 Civil Code of Puerto Rico. *Id*., at 12.

Appellee moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6); applicable to Bankruptcy proceedings via Fed. R. Bank. P. 7012(b). **ECF No. 3-1** at 119-122. Appellee argued the complaint failed to state a claim because appellant did not have a redemption right as a matter of law. *Id*. The parties focused most of their efforts and arguments on the question of whether the credit was "litigious" for Puerto Rico law purposes.

On June 27, 2023, the Bankruptcy Court entered an Opinion and Order dismissing Adversary Proceedings No. 22-00046. The Bankruptcy Court held that "Article 1220 of the Puerto Rico Civil Code does not apply to the facts of this case as the debt has been established by both a judgment in a related adversary proceeding before this court and a final order confirming the Chapter 11 plan proposed by Instituto, which is binding on all parties." **ECF No. 3-1** at 292. Appellant appeals from that Opinion and Order.

II.     **Legal standard**

District Courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. *See* 28 U.S.C. § 158(a)(1). On appeal, the Bankruptcy Court's conclusions

of law are reviewed de novo and its findings of fact for clear error. *See Instituto Médico del Norte, Inc. v. Greengift Capital, LLC*, 2023 WL 2732420, at *1 (D.P.R. 2023); *In re Schatz*, 602 B.R. 411, 421 (B.A.P. 1st Cir. 2019); *In re A&J Auto Sales, Inc.*, 223 B.R. 839 (D.N.H. 1998); *Robb v. Schindler*, 142 B.R. 589, 590 (D. Mass. 1992)(in a bankruptcy appeal, the reviewing court applies a *de novo* standard of review to conclusions of law by the Bankruptcy Court).

**III.     Discussion**

Under Puerto Rico law, a debtor may redeem credit assigned during the pendency of a case if certain requirements are met. This civil law doctrine, unknow in the United States (except for Louisiana), is codified at Article 1220 of the 2020 Civil Code. Even though it has been available to debtors in Puerto Rico for many decades, case law is scarce. However, one thing is clear, the credit must be a "litigious" one. "For a credit to be considered litigious it is essential that the litigation pending at the time of sale or assignment of credit concern the existence of the credit itself and not merely the consequences of its existence once final judgment is rendered." *Consejo de Titulares v. C.R.U.V.*, 132 DPR 707, 1993 P.R.-Eng. 840 (1993), 1993 WL 840040.

A careful review of the briefs in this case reveals that the parties are mostly concerned with the question of whether the credit is litigious or not. Logically, appellee highlights the fact that the only challenge to the "existence" of the credit was limited to the accrual of interests[3]

---

[3] Appellee's argument has some merit to it. To wit, the accrual of interest (only challenge raised by appellant) arguably relates to the "consequence" of the debt rather than the "existence" of the debt per se. However, for the reasons stated herein, the Court need not reach the merits of this argument.

and, even then, it was adjudicated in a prior case, Adversary Proceeding No. 21-00033. Because a sister District Court affirmed the Bankruptcy Court's determination in Adversary Proceeding No. 21-00033 holding that that the existence of the credit was not in question (issue currently before the First Circuit), the Bankruptcy Court in the underlying Adverse Proceeding No. 22-00046 determined that there was "no issue as to the existence of the debt." **ECF No. 3-1** at 289. Thus, it reasoned, there was no litigious credit to redeem. *Id*. And even if the latter conclusion could be challenged (due to the fact that the existence of the credit is still under the First Circuit's consideration), the appeal must be dismissed for other reasons.

"Obvious concerns arise when actions involving the same parties and similar subject matter are pending in different federal district courts[.]" *TPM Holdings, Inc. v. Intra-Gold Industries, Inc.*, 91 F.3d 1, 4 (1st Cir. 1996). Among them, "wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs. To resolve such tensions, courts rely primarily on common sense and historical practice." *Id*.

Inter alia, the prior pending action "covers scenarios in which actions involving the same parties and similar subject matter are pending in different federal district courts and the overlap between the two suits is nearly complete." *Maldonado-Cabrera v. Angleró-Alfaro*, 26 F.4th 523, 526 (1st Cir. 2022)(cleaned up). "When such a scenario looms… the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer." *Id*., (internal quotation marks omitted). After all, it is meant "to protect parties from the vexation of

concurrent litigation over the same subject matter." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2nd Cir. 2000). More importantly to this case, this doctrine gives courts "power to dismiss a duplicative lawsuit." *Maldonado-Cabrera v. Angleró-Alfaro*, 26 F.4th 526 (quoting *id*., at 183).

There is no doubt that appellant claims to have asserted a credit redemption right midway through the prior proceedings in Adversary Proceeding No. 21-00033. To wit, appellant sustains that in December 2021, while Adversary Proceeding No. 21-00033 was still pending before the Bankruptcy Court, Condado 7, LLC assigned the "litigious credit" to appellee. **ECF No. 4** at 5. Appellant further claims that, on December 21, 2021 it "notified [appellee] that it was exercising its rights… to extinguish [appellee]'s acquired credit." *Id*.

As discussed before, both the Bankruptcy Court and the District Court denied appellant relief in Adversary Proceeding No. 21-00033, because there was no "litigious" credit to be redeemed in the first place. **ECF No. 3-1** at 292-93; *Instituto Médico del Norte, Inc. v. Greengift Capital, LLC*, 2023 WL 2732420, at *4 (D.P.R. 2023)("the plan makes no distinction as to interest-bearing and non-interesting-bearing portions of the debt"). Importantly, both in this appeal and the proceedings that followed Adversary Proceeding No. 21-00033, appellant's sole ground to characterize the credit as a "litigious" --sine qua non requirement for credit redemption under Puerto Rico law, is its own contention and self-initiated litigation claiming that the debt did not

bear interest. **ECF No. 4** at 12.[4] In other words, both cases present the exact same controversy, arising out of the exact same conduct, between the exact same two parties.

Indeed, here, appellant seeks to obtain a second opinion on his claims by filing duplicitous cases. Therefore, in order to avoid inconsistent judgments and promote judicial efficiency, not to mention potential res judicata problems (depending on what the First Circuit decides in Ap. Case No. 23-1314), the Court finds that the underlying action in this appeal, Adversary Proceeding No. 22-00046 (ESL), *Instituto Médico del Norte, Inc. v. Greengift Capital, LLC*, is barred by the federal prior pending action doctrine. *Perkins v. Massachusetts Dept. of Revenue*, 507 B.R. 45, 48 (D.Mass. 2014)("The district court may also 'affirm the bankruptcy court order on any ground apparent from the record on appeal.").

The Court would reach the same result under alternate statutory grounds. A declaratory judgment under the Declaratory Judgment Act can be entered "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *New Hampshire Lottery Commn. v. Rosen*, 986 F.3d 38, 54 (1st Cir. 2021)(citing 28 U.S.C. § 2201). The Declaratory Judgment Act "has been understood to confer on federal

---

[4] In appellant's own words, "Oriental Bank followed the agreed to amortization schedule recognizing that… the $3,585,388.53 didn't bear interest. Nevertheless, when Condado purchased the credit… it informed Instituto that as of December 31, 2020, the debt was $4,544,070.34, giving rise to the reopening of the Chapter 11 case and the *litigious credit later transferred by Condado to Greengift. This forced Instituto to file the complaint in Adversary No. 21-00033 for a declaratory judgment* as to the actual amount owed by Instituto and the existence of the claimed credit itself. *Since then, the credit acquired by Greengift has been in controversy, Greengift having acquired a litigious credit.*" **ECF No. 4** at 17(emphasis added).

courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Thus, if "considerations of practicality and wise judicial administration" advise against it, a trial court may choose, in its discretion, not to grant a declaratory judgment. *Id.*, at 288.

"By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, ... to dismiss an action seeking a declaratory judgment before trial." *DeNovellis v. Shalala*, 124 F.3d 298, 313 (1st Cir. 1997) (quoting *Wilton*, 288 (1995)). In light of these considerations and the discussion above, the Court would not grant declaratory judgment as requested by appellant in the underlying adversary proceeding.

## IV. Conclusion

For all the above, the Court **DISMISSES** the appeal **Civil No. 23-1354.** The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 2nd day of February, 2024.

                                                                                            **S/AIDA M. DELGADO-COLÓN**
                                                                                           **United States District Judge**